## HILDRETH v. SPARKS MFG. CO.

(Circuit Court, S. D. New York. December 29, 1899.)

UNFAIR COMPETITION—IMITATION OF LABELS—LIABILITY FOR MAKING AND SELLING.

A bill to recover for losses sustained by reason of unfair competition may be maintained against one who has made and sold to competitors labels and wrappers in imitation of complainant's, by the use of which, it is alleged, complainant's business has repeatedly been interfered with, and the goods of others sold as his; and such bill is not demurrable because it does not allege that such wrappers were used as coverings for the specific kind of goods sold by complainant.[1]

This is a suit in equity to recover damages for unfair competition, and for an accounting. On demurrer to bill.

Alexander P. Browne, for plaintiff.

F. E. Barnard, for defendant.

WHEELER, District Judge. The bill well alleges: That the plaintiff makes molasses candy, and sells it in a peculiar form of package, "consisting of a wrapper having a certain peculiar appearance, the whole being distinctive of the goods" made by him, and representing the same to the public as his manufacture, one feature of which is a word having the appearance of being written in script, beginning with a capital letter, and the last letter extending beneath the body of the word, forming a scroll or flourish, and all printed in red ink, whereby he has built up a large, increasing, and profitable trade. That the defendant has wrongfully printed. and furnished to business competitors of the plaintiff, wrappers similar to those of the plaintiff, in respect to: "The color of the ink used. Its being written in script, with letters of substantially the same form, size, and style. The mark and flourish beneath said word. The length and general appearance of the word. Its relative location on the wrapper. Its similar prominence upon the package when the candy is wrapped. Its association with other printing in red on said wrapper." "That in consequence of the defendant's acts as hereinbefore set forth, and the unlawful imitation of the appearance of your orator's goods, to which it (the defendant) has directly contributed, and which it has in many cases originally produced and brought about, your orator's trade has been and is being and will continue to be wrongfully and unlawfully diverted, and the goods of many of your orator's competitors have been and are being sold as and for the goods of your orator, and upon the reputation acquired for the same by your orator, and thereby your orator is and has been deprived

[1] As to unfair competition in trade, see note to Scheuer v. Muller, 20 C. C. A. 165, and, supplementary thereto, note to Lare v. Harper & Bros., 30 C. C. A. 376.

of large sales and profits of his own goods," and "that the said defendant, by its wrongful, fraudulent, and unlawful practices aforesaid, has diverted to itself large profits which would otherwise have accrued to your orator, the exact amount of which your orator cannot with certainty state; but your orator believes, and therefore charges, that the same amounts to the full sum of $3,000, and prays that the defendant may full and true disclosure make as to the same, and may be decreed to account therefor in full." The bill has been demurred to for want of equity, and the demurrer has now been heard. The brief of counsel says:

"The only grievance presented against defendants is that they have sold labels to competitors of plaintiff, who have used them in unfair competition. The only use of which the plaintiff can complain is in competition with his own use, namely, as wrappers of molasses candy. It is not alleged that these wrappers were not susceptible of an innocent use, or that defendants took part in their improper use, or intended them for such use. If the wrappers made were used for other candy, or for any articles other than molasses candy, plaintiff would have no complaint against the users, and still less against the paper maker and printer."

Although the bill does not allege an unlawful use in the sale of molasses candy, it does allege repeated interference with the plaintiff's business by unlawful imitation of the appearance of his goods, which could be done upon other goods of the same sort, not specifically molasses candy, as well as with that. The foundation of the right to proceed in equity in such cases is the repeated tort, for which repeated suits at law would be an inadequate remedy. In torts all participants are principals, and the plaintiff could doubtless maintain an action at law against the defendant for each of the diversions of his business produced, brought about or contributed to by the defendant, as alleged in the extracts quoted from the bill. Walk. Pat. § 407. The multiplicity having furnished equitable jurisdiction, the right to maintain the bill, upon the allegations quoted, and others of the same import, for full relief, follows. Demurrer overruled; defendant to answer over by the February rule day.